IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

AMERICAN CANOE ASSOCIATION, )
INC, et al., )
)
    Plaintiffs, )    CIVIL ACTION NO.
)
v. )    03-AR-0293-M
)
CITY OF ATTALLA, )
)
    Defendant. )

**ENTERED**
MAY 1 3 2003

## MEMORANDUM OPINION

Before the court is a motion to dismiss filed by defendant, City of Attalla ("Attalla"). Attalla says that the above entitled action must be dismissed because pursuant to Section 505(b)(1)(B) of the Federal Water Pollution Control Act ("Clean Water Act") a citizen suit cannot be commenced until the passage of 60 days after the giving of notice of the threatened suit to the particular State where the alleged violation has occurred and cannot be commenced even after that 60 days if the State by that time has commenced and is diligently prosecuting court action.

In a letter dated December 11, 2002, plaintiff, American Canoe Association, Inc. ("American Canoe"), notified Attalla, the Environmental Protection Agency ("EPA") and the Alabama Department of Environmental Management ("ADEM"), of alleged violations of the Clean Water Act. On Monday February 10, 2003 the State of Alabama ex rel. Bill Pryor, Attorney General, filed

1

31

an ADEM complaint against Attalla in the Circuit Court of Etowah County, alleging violations of the Alabama Water Pollution Control Act. The bases for ADEM's complaint were, among other things, the same alleged violations set forth in plaintiffs' December 11, 2003 letter. Plaintiffs filed their complaint in this court on February 10, 2003, either shortly before or shortly after ADEM's complaint was filed in state court. The exact sequence of the filings is not significant.

The dispute is over whether February 10, 2003 is, as a matter of law, the 60th day or the 61st day after plaintiffs mailed their notice letter and whether the State has met the "diligently prosecuting" requirement of 33 U.S.C. 1635(b). A private plaintiff cannot commence an action pursuant to the Federal Water Pollution Act:

> (A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or
> (B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.

33 U.S.C. 1635(b).

Attalla argues that in order to properly compute the 60 days the court must look to F.R.C.P. Rule 6(a), which it says extended the 60-day period to February 10th because the calendar 60th day

2

was on a Sunday. F.R.C.P. 6(a) applies not only to actions already filed but also to "any applicable statute." In *Union National Bank of Wichita, Kansas v. Lamb,* 337 U.S. 38, 40-41 (1949), the Supreme Court held:

> Rule 6(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or legal holiday is timely. That rule provides the method for computation of time prescribed or allowed not only by the rules or by order of court but by 'any applicable statute.' Since the rule had the concurrence of Congress, and since no contrary policy is expressed in the statute governing this review, we think that the considerations of liberality and leniency which find expression in Rule 6(a) are equally applicable to 28 U.S.C. § 2101(c).

Plaintiffs argue that Rule 6(a) does not apply here because the State could have filed its action at any time, including Friday, February 7, but plaintiffs do not point to any provision in the Clean Water Act that weighs against the policy inherent in Rule 6(a), much less any express statutory exception to Rule 6(a). In their brief plaintiffs strangely ask the court to look to F.R.C.P. 3 for determining when an action is commenced but on the same page they argue that F.R.C.P. 6 is irrelevant. Attalla argues persuasively, and is joined in its argument by the Attorney General of Alabama, *amicus curiae*, that the Clean Water Act is consistent with a policy of liberality in the computation of this time period. Under the Clean Water Act, the primary enforcement responsibility remains with the EPA and the states,

3

and this central role that is assigned to the appropriate government officials is merely supplemented by the citizen suit provisions. *Hamker v. Diamond Shamrock Chemical Co.*, 756 F2d 392, 395 (5th Cir. 1985). Moreover, the Eleventh Circuit has consistently held that the time computation method of Rule 6(a) applies to all federal statutes enacted since 1937. *Lee v. United States*, 977 F.2d 551 (11th Cir. 1992). Here, there is no conflict between Rule 6(a) and 33 U.S.C. 1635(b), which is completely silent as to the method of computing the 60 day waiting period. Thus, the 60 day period had not run on the day upon which the State and plaintiffs both filed their court actions. The mere fact that the State waited until the last moment did not open the door for plaintiffs, although it did create this case of first impression.

Plaintiffs also argue that they are not precluded from filing suit because the State is not diligently prosecuting its action. Plaintiffs assert that it is not enough that the State timely commenced its action. Plaintiffs maintain that "[i]f the State had wanted to preclude this suit, it should have promptly investigated the allegation in plaintiffs' notice letter and moved to enforce the permit early enough during the notice period to be able to show diligent prosecution by the time plaintiffs filed their complaint." This is just another way of complaining about ADEM's availing itself of the 60 day waiting period.

Plaintiffs in a citizen suit bear the burden of proving that the State's prosecution is not diligent. *Williams Pipe Line Company v. Bayer Corporation*, 964 F.Supp. 1300, 1324 (S.D.Iowa 1997). This burden is heavy because the State's diligence is presumed. *Id*. Where an agency has specifically addressed the concerns of an analogous citizen's suit, deference to the agency's plan of attack is particularly favored. *North and South Rivers Watershed Ass'n, Inc. v. Town of Scituate*, 949 F.2d 552, 557 (1st Cir. 1991). Here, the State filed a fifteen page complaint that contains the *same* violations set forth in plaintiffs' December 11, 2002 letter. The State has also filed its initial requests for admissions. Under plaintiffs' argument the State would be penalized for utilizing fully the 60 day period granted to it by Congress and would be deemed lacking in diligence for merely taking advantage of the time period expressly allowed it. At this point in the litigation the State cannot be said to have failed to exercise its responsibility under the Clean Water Act.

Based on the foregoing, Attalla's motion to dismiss will be granted.

DONE this ___13th___ day of May, 2003.

_____
WILLIAM M. ACKER, JR
UNITED STATES DISTRICT JUDGE